# Exhibit 1



**null / ALL**
**Transmittal Number: 30568756**
**Date Processed: 01/08/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Adriana Cahill<br>American Medical Response Inc.<br>4400 State Highway 121<br>Ste 700<br>Lewisville, TX 75056-4952 |
| **Electronic copy provided to:** | Taunia Rogers<br>Aileen Daproza<br>Kimberly Brandt |

| | |
|---|---|
| **Entity:** | Westmed Ambulance, Inc.<br>Entity ID Number  4106885 |
| **Entity Served:** | Westmed Ambulance, Inc. |
| **Title of Action:** | Kyle Dershem, individually, and on behalf of all person similarly situated vs. Westmed Ambulance, Inc. |
| **Matter Name/ID:** | Kyle Dershem, individually, and on behalf of all person similarly situated vs. Westmed Ambulance, Inc. (16726227) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 24ST CV 32305 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/07/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Haig B. Kazandjian Lawyers, APC<br>818-696-2306 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WESTMED AMBULANCE, INC., GLOBAL MEDICAL RESPONSE, INC; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KYLE DERSHEM, individually, and on behalf of all persons similarly situated

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/06/2024 12:14 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | **CASE NUMBER:** *(Número del Caso):* **24STCV32305** |

111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Haig B. Kazandjian Lawyers, APC; 801 North Brand Blvd., Suite 970, Glendale, CA 91203; 818-696-2306

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* 12/06/2024 | Clerk, by *(Secretario)* David W. Slayton, Executive Officer/Clerk of Court C. Vega | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Westmed Ambulance, Inc.**

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | Clear this form |

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Haig B. Kazandjian, Esq. (SBN 278622); David Van Pelt, Esq. (SBN 163690)<br>Haig B. Kazandjian Lawyers, APC<br><br>TELEPHONE NO.: 818-696-2306          FAX NO.: 818-696-2307<br>EMAIL ADDRESS: haig@hbklawyers.com; david@hbklawyers.com<br>ATTORNEY FOR *(Name):* Plaintiff, Kyle Dershem | **FOR COURT USE ONLY**<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/06/2024 12:14 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By: C. Vega, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:**
Kyle Dershem v. Westmed Ambulance, Inc., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24STCV32305 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 6, 2024

Haig B. Kazandjian, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic*
        *relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear
This Form button after you have printed the form.          | Print this form |    | Save this form |                    | Clear this form |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Kyle Dershem v. Westmed Ambulance, Inc., et al. | 24STCV32305 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Kyle Dershem v. Westmed Ambulance, Inc., et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/<br>Property Damage/<br>Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Kyle Dershem v. Westmed Ambulance, Inc., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Kyle Dershem v. Westmed Ambulance, Inc., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Kyle Dershem v. Westmed Ambulance, Inc., et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 3118 Santa Monica Blvd |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Santa Monica | CA | 90404 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central Judicial___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: ___December 6, 2024___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23                   **CIVIL CASE COVER SHEET ADDENDUM**                   LASC Local Rule 2.3
For Mandatory Use                              **AND STATEMENT OF LOCATION**

1  Haig B. Kazandjian, Esq. Bar No. 278622
   haig@hbklawyers.com
2  Cathy Gonzalez, Esq. Bar No.: 310625
   cathy@hbklawyers.com
3  David Van Pelt, Esq., SBN: 163690
   david@hbklawyers.com
4  **HAIG B. KAZANDJIAN LAWYERS, APC**
   801 North Brand Boulevard, Suite 970
5  Glendale, California 91203
   Telephone: 1-818-696-2306
6  Facsimile: 1-818-696-2307

7  *Attorneys for* Plaintiff KYLE DERSHEM
   individually and on behalf of all persons similarly situated

8

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/06/2024 12:14 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10               **FOR THE COUNTY OF LOS ANGELES**

11  KYLE DERSHEM, individually, and on          Case No. 24STCV32305
    behalf of all persons similarly situated
12
                    Plaintiff,                   **CLASS ACTION COMPLAINT FOR
13                                               DAMAGES AND PENALTIES**

14         vs.
                                                 1.  **FAILURE TO PAY OVERTIME
15  WESTMED AMBULANCE, INC.,                         WAGES;**
    GLOBAL MEDICAL RESPONSE, INC;            2.  **FAILURE TO PAY MINIMUM
16  and DOES 1 through 50, inclusive,               WAGES;**
                                                 3.  **FAILURE TO PROVIDE MEAL
17                  Defendants.                      PERIODS IN VIOLATION OF
                                                    LABOR CODE §§ 226.7 AND 512;**
18                                               4.  **FAILURE TO KEEP ACCURATE
                                                    AND PROVIDE ITEMIZED WAGE
19                                                  STATEMENTS IN VIOLATION OF
                                                    LABOR CODE § 226 AND THE
20                                                  I.W.C. WAGE ORDERS;**
                                                 5.  **FAILURE TO PAY WAITING TIME
21                                                  PENALTIES IN VIOLATION OF
                                                    LABOR CODE §§ 201, 202, AND 203;**
22                                               6.  **FAILURE TO TIMELY PAY
                                                    EARNED WAGES IN VIOLATION
23                                                  OF LABOR CODE §§ 204 AND 210**
24
                                                 7.  **FAILURE TO PROVIDE REST
25                                                  PERIODS IN VIOLATION OF
                                                    LABOR CODE § 226.7 AND THE
26                                                  I.W.C. WAGE ORDERS**
                                                 8.  **FAILURE TO REIMBURSE
27                                                  BUSINESS EXPENSES IN
                                                    VIOLATION OF LABOR CODE §§**
28

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1

2800 AND 2802;

9. **FAILURE TO PAY REPORTING TIME PAY IN VIOLATION OF I.W.C. WAGE ORDERS;**
10. **FAILURE TO PAY SPLIT SHIFT WAGES IN VIOLATION OF I.W.C. WAGE ORDERS;**
11. **FAILURE TO PROVIDE NOTICE OF PAID SICK TIME AND ACCRUAL IN VIOLATION OF LABOR CODE § 246;**
12. **UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.*.**

**DEMAND FOR JURY TRIAL**

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

Plaintiff KYLE DERSHEM ("Representative Plaintiff" or "Plaintiff"), individually, and on behalf of other members of the general public similarly situated, alleges as follows:

## INTRODUCTION

1.      This is a Class Action, pursuant to California Code of Civil Procedure §382 on behalf of Plaintiff and other non-exempt current and former employees employed by WESTMED AMBULANCE, INC., GLOBAL MEDICAL RESPONSE, INC and DOES 1 through 50, inclusive, (collectively "Defendants"). Defendants were joint employers of Plaintiff in that they were operating as joint enterprises and both suffered and permitted Plaintiff to work for each of them; controlled Plaintiff's hours and working conditions; controlled Plaintiff's wages; made the decision to hire Plaintiff and had control of termination of Plaintiff's employment and therefore jointly employed Plaintiff. Defendants are collectively hereinafter referred to as "Defendants".

2.      This is a civil action seeking recovery for Defendants' violations of the California Labor Code ("Labor Code") including, but not limited to, §1194, et seq., §1197, §200 et seq., Labor Code §500 et seq., California Business and Professions Code ("B& PC") §17000 et seq. and §17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)") and related common law principles.

2

COMPLAINT FOR DAMAGES AND PENALTIES

3.     Plaintiff's action seeks monetary damages, including, but not limited to, full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices. The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of Plaintiff's complaint, up to and through the time of trial for this matter.

### RELEVANT EMPLOYEES

4.     The relevant employees are Defendants' current and former employees, who were or are employed in California who were or are paid on an hourly non-exempt basis for the date of filing this time period of October 8, 2020 through the date of judgment.

5.     The obligations and responsibilities of Defendants' current and former non-exempt, hourly paid employees employed in California by Defendants are virtually identical from location to location and employee to employee.

6.     Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

### SUMMARY OF CLAIMS

7.     With regard to Defendants' California based non-exempt, hourly paid current and former employees, Defendants have established a time-keeping policy which does not compensate said employees for the time they actually worked. As a result, Defendants have failed to pay for all wages due, including overtime wages for all hours worked and failed to pay the required minimum wage for all hours worked. Further, Defendants have failed to provide timely uninterrupted 30-minute meal periods or to pay a premium payment in lieu thereof; failed to provide paid rest periods or to pay a premium payment in lieu thereof; failed to timely furnish accurate itemized wage statements; failed to reimburse for business expenses; violated Labor Code §203; failed to timely pay earned wages; failed to pay reporting time pay; failed to pay split shift wages; failed to provide notice of paid sick time and accrual; conducted unfair business practices; and individually caused Labor Code violations.

### PARTIES

8.     REPRESENTATIVE PLAINTIFF is an individual who resides in California and

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1    was employed by DEFENDANTS from on or about December 1, 2016 until on or about April

2    30, 2024.

3        9.    REPRESENTATIVE PLAINTIFF is informed and believes, and based on such

4    information and belief, alleges that at all times mentioned herein, WESTMED AMBULANCE,

5    INC. is a California Corporation, licensed to do business and actually doing business in the State

6    of California.

7        10.    REPRESENTATIVE PLAINTIFF is informed and believes, and based on such

8    information and belief, alleges that at all times mentioned herein, GLOBAL MEDICAL

9    RESPONSE, INC is licensed to do business and actually doing business in the State of

10   California.

11       11.    REPRESENTATIVE PLAINTIFF is informed and believes, and based on such

12   information and belief, alleges that DEFENDANT WESTMED AMBULANCE, INC. provides

13   ambulance transportation to over medical facilities in California. Thus, DEFENDANT is subject

14   to the applicable California laws as alleged throughout this Complaint.

15       12.    REPRESENTATIVE PLAINTIFF is informed and believes, and based on such

16   information and belief, alleges that DEFENDANT GLOBAL MEDICAL RESPONSE, INC

17   operates to deliver medical care, primarily in the areas of emergency and patient relocation

18   services, in the United States, including California. Thus, DEFENDANT is subject to the

19   applicable California laws as alleged throughout this Complaint.

20       13.    At all relevant times, Defendants were employers whose employees are engaged

21   throughout the State of California and were the employer of Plaintiff within the meaning of all

22   applicable California state laws and statutes.

23       14.    Representative Plaintiff is unaware of the true names and capacities, whether

24   corporate, individual, or otherwise, of defendants named as DOES 1 though 50 inclusive.

25   Pursuant to California Code of Civil Procedure section 474, Representative Plaintiff will seek

26   leave of court to amend this complaint to state said Defendants' true names and capacities when

27   the same have been ascertained. Representative Plaintiff is informed and believes, and based on

28   such information and belief, alleges that said fictitiously-named defendants are responsible in

some manner for the injuries and damages to Representative Plaintiff as further alleged herein. Defendants were joint employers of Plaintiff in that they were operating as joint enterprises and both suffered and permitted Plaintiff to work for each of them; controlled Plaintiff's hours and working conditions; controlled Plaintiff's wages; made the decision to hire Plaintiff and had control of Plaintiff's employment; and therefore jointly employed Plaintiff.

15.    REPRESENTATIVE PLAINTIFF is informed, believes, and thereupon alleges, that at all times herein mentioned, Defendants ratified each and every act or omission complained of herein.

16.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

17.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were, the agents, servants, and/or employees of some or all other Defendants, and vice versa, and in doing the things alleged in this Complaint, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control of Defendants, and each of them.

18.    Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

19.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership, and common enterprise.

20.    Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and/or damages alleged in this Complaint. Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned, and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

21. Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages alleged in this Complaint.

22. Plaintiff seeks penalties unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants have:

a.   failed to pay all wages due including overtime wages for all hours worked;

b.   failed to pay the required minimum wage for all hours worked;

c.   failed to provide meal periods;

d.   failed to provide paid rest periods;

e.   failed to provide accurate wage statement(s);

f.   failed to provide itemized wage statement(s);

g.   failed to timely pay earned wages;

h.   violated Labor Code §§ 201, 202, 203;

i.   failed to reimburse for business expenses;

j.   failed to pay reporting time pay;

k.   failed to provide notice of paid sick time and accrual;

l.   Conducted unfair business practices; and

m.   Individually caused labor code violations.

## VENUE AND JURISDICTION

23. Venue is proper under California Code of Civil Procedure section 395 and under California Government Code section 12965(b), in that Plaintiff's injuries were incurred within the County of LOS ANGELES, the actions giving rise to Representative Plaintiff's complaint arose within the County of LOS ANGELES, and Defendants are located in the County of Los Angeles and/or do business in the County of LOS ANGELES.

24. Further, this class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

25.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

26.     This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally availed themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

27.     Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and/or transact business in the State of California, County of LOS ANGELES. The majority of the acts and omissions alleged herein relating to the other class members took place in the State of California, including the County of LOS ANGELES.

28.     The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand ($75,000) jurisdictional threshold for Federal Court and the aggregate claim is under the five million dollar ($5,000,000) threshold of the Class Action Fairness Act of 2005 ("CAFA"). Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Order(s), CCP, and Business & Profession Code.

**GENERAL ALLEGATIONS:**

29.     CCP §382 provides in pertinent part: "... [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.

30.     Plaintiff brings this suit as a class action pursuant to CCP § 382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants. This is a Class Action Complaint, on behalf of Plaintiffs and all other persons similarly situated who worked

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

7

for Defendants in California from the earliest period in the applicable statute of limitations through judgment, as non-exempt, hourly employees for: (i) failure to pay straight and overtime compensation in violation of Labor Code sections 223, 510, 1194, and 1199; (ii) failure to pay minimum wages; (iii) failure to provide meal periods in violation of Labor Code sections 226.7 and 512; (iv) failure to provide itemized wage statements in violation of Labor Code section 226; (v) failure to keep accurate payroll records in violation of Labor Code sections 226 and the IWC Wage Orders; (vi) for failure to timely pay earned wages in violation of Labor Code sections 204 and 210; (vii) failure to pay waiting time penalties in violation of Labor Code section 203; (viii) failure to provide rest breaks; (ix) failure to reimburse business expenses; (x) failure to pay reporting time pay; (xi) failure to pay split shift wages; (xii) failure to provide notice of paid sick time and accrual; (xiii) unlawful business practices in violation of Bus. & Prof. Code section 17200 *et seq.*; and (xiv) individual liability for Labor Code violations.

31.    For at least four (4) years prior to the filing of this complaint and through to the present, Defendants have had a consistent policy of failing to pay for all straight and overtime hours worked by the Defendants' non-exempt, hourly California employees in violation of California law, including, but not limited to, due to pre-shift, post-shift, and other off-the-clock work. Defendants have also automatically deducted 30 minutes of work time each day from Representative Plaintiff and the putative class members pay each day. Additionally, Defendants utilized a pay system which improperly rounded time to the detriment of the Representative Plaintiff and the putative class members. Defendants rounded the actual time worked and recorded by Representative Plaintiff and the putative class members usually down, so that during the course of their employment, Representative Plaintiff and the putative class members were paid far less than they would have been paid had they been paid for their actual work time rather than rounded time.  Defendants also failed to properly calculate the regular rate of pay for overtime, meal/rest premiums, paid sick leave, and reporting time pay.

32.    For at least four (4) years prior to the filing of this complaint and through to the present, Defendants have had a consistent policy of failing to provide to its non-exempt, hourly employees with itemized wage statements that included all of the required categories of

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

information. This included both not including at all one or more of the required categories, or including such categories but providing information therein that was not accurate.

33. Plaintiff, on behalf of herself and all class members, brings this action pursuant to California Labor Code sections 203, 204, 223, 226, 226.7, 510, 1194, and 1199 seeking unpaid minimum, straight, and overtime wages, compensation for unprovided and/or legally inadequate meal and rest periods, reporting time pay, penalties, injunctive and other equitable relief, interest, and reasonable attorneys' fees and costs pursuant to Labor Code sections 218.5, 218.6 and 1194 and any and all other applicable law.

34. Plaintiff, on behalf of herself and all class members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to correctly pay straight and overtime wages for all hours worked, unprovided meal periods, and any and all other injuries suffered as a result of the Defendants' failure to timely pay all wages due.

## STATEMENT OF FACTS

35. Defendants employed Plaintiff and other persons as hourly-paid, non-exempt employees within the State of California.

36. Defendants had the authority to hire and terminate Plaintiff and the putative class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

37. Defendants directly hired and paid wages and benefits to Plaintiff and the putative class members.

38. Defendants continue to employ hourly-paid, non-exempt employees at their locations within the State of California.

39. Plaintiff and the putative class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

40. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the putative class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

9

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1    and other compensation.

2       41.   Defendants did not pay Representative Plaintiff, the putative class members, and

3    other aggrieved employees for all hours worked.  The reasons that these employees were not

4    paid for all hours worked include, but are not limited to, requiring employees to work off-the-

5    clock, rounding time to employees' detriment, not allowing employees to clock in while

6    working, automatically deducting time for legally inadequate meal periods, and improperly

7    calculating hours worked and amounts due, including failing to pay all required wages at the

8    regular rate of pay (whether overtime, meal/rest premiums, paid sick leave, or reporting time),

9    such that employees were not paid for all time that they were subject to Defendants' control or

10   that they were suffered or permitted to work.

11      42.   Defendants did not provide Representative Plaintiff, the putative class members,

12   and other aggrieved employees with off-duty meal periods as required by California law.  These

13   shortcomings included, but were not limited to, having written policies that failed to inform

14   employees of the meal period requirements, discouraging or preventing employees from taking

15   off-duty meal periods, interrupting meal periods, failing to ensure adequate staffing such that

16   employees were too busy to take meal periods, not allowing employees to leave the premises

17   during meal periods, and not accurately recording meal periods, such that employees were not

18   relieved of duty and resulting in meal periods that were missed, short, or late.

19      43.   Plaintiff is informed and believes, and based thereon alleges, that Defendants

20   knew or should have known the Plaintiff and the putative class members were entitled to receive

21   all meal periods or payments of one additional hour of pay at Plaintiff's and the putative class

22   members' regular rate of pay when a meal period was missed, and they did not receive all meal

23   periods of payment of one additional hour of pay at Plaintiff's and the other class members'

24   regular rate of pay when a meal period was missed.

25      44.   Defendants did not authorize and permit Plaintiff, the putative class members, and

26   other aggrieved employees to take off-duty rest periods as required by California law.  These

27   shortcomings included, but were not limited to, having written policies that failed to inform

28   employees of the rest period requirements, discouraging or preventing employees from taking

10

1   off-duty rest periods, interrupting rest periods, failing to ensure adequate staffing such that

2   employees were too busy to take rest periods, and not allowing employees to leave the premises

3   during rest periods, such that rest breaks regularly failed to comply with California law.

4       45.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

5   knew or should have known that Plaintiff and the other class members were entitled to receive

6   all rest periods or payment of one additional hour of pay at Plaintiff's and the other class

7   members' regular rate of pay when a rest period was missed, and they did not receive all rest

8   periods or payment of one additional hour of pay at Plaintiff and the other class members'

9   regular rate of pay when a rest period was missed.

10       46.    Defendants did not provide accurate itemized wage statements to employees.

11   Defendants routinely failed to provide Plaintiff, the putative class members, and other aggrieved

12   employees with timely, accurate, and itemized wage statements in writing showing each

13   employee's gross wages earned, total hours worked, overtime hours worked and paid, all

14   deductions made, net wages earned, all applicable and accurate hourly rates in effect during each

15   pay period and the corresponding number of hours worked at each hourly rate, employer name

16   and address, and inclusive dates of each pay period, in violation of California Labor Code § 226

17   and §§ 6 and 7 of the applicable IWC Wage Orders. Finally, Defendants also failed to provide

18   the amount of supplemental COVID-19 paid sick leave taken and available on its wage

19   statements, all in violation of Labor Code §§ 226, 246, 248.1, 248.2 and 248.6.

20       47.    In addition to directly failing to include the required categories of information,

21   Plaintiff asserts a derivative theory of liability for inaccurate wage statements based on the same

22   facts underlying her other causes of action. As just one example, the number of hours that the

23   employees actually spent working for Defendants that is listed on the wage statements is also

24   incorrect because of Defendants' failure to record and compensate its employees for all the time

25   that they are under the employer's control pursuant to the Companies' illegal rounding policy,

26   and because Defendants auto-deducted 30 minutes each day from their employees' pay for meal

27   periods that were not provided. Thus, the total earnings and the number of hours listed on the

28   employee's pay stubs are incorrect as they do not include the hours worked in the pay that the

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

11

COMPLAINT FOR DAMAGES AND PENALTIES

1  employees should have received.  As another example, Plaintiff's and the putative class

2  members' wage statements also failed to list all applicable hourly rates in effect during the pay

3  period and the corresponding number of hours worked at each hourly rate by these employees

4  because of the Defendants' failure to pay all required overtime.  Likewise, Plaintiff's and the

5  putative class members' wage statements also failed to pay and list split shift wages and paid

6  sick time accrual.

7       48.    Plaintiff is informed and believes, and based thereon alleges, that at all material

8  times set forth herein, Defendants were advised by skilled lawyers and other professionals,

9  employees, and advisors knowledgeable about California and federal labor and wage law and

10  employment and personnel practices, and about the requirements of California and federal law.

11       49.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

12  knew or should have known that Plaintiff and the putative class members were entitled to receive

13  all wages owed to them upon discharge or resignation, including straight-time, overtime,

14  minimum wages, and meal and rest period premiums, and they did not, in fact, receive all such

15  wages owed to them at the time of their discharge or resignation.

16       50.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

17  knew or should have known that Plaintiff and the putative class members were entitled to receive

18  all wages owed to them during their employment. Plaintiff and the putative class members did

19  not receive payment of all wages, including overtime and minimum wages and meal and rest

20  period premiums, within any time permissible under the California Labor Code.

21       51.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

22  knew or should have known that Defendants had to keep complete and accurate payroll records

23  for Plaintiff and the putative class members in accordance with California law, but, in fact, did

24  not keep complete and accurate payroll records.

25       52.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

26  knew or should have known that Plaintiff and the putative class members were entitled to

27  reimbursement for necessary business-related expenses, including, but not limited to, cell phone,

28  mileage, and uniform reimbursement. However, Defendants did not reimburse employees for

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1   all necessary business-related expenses.

2       53.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

3   knew or should have known that they had a duty to compensate Plaintiff and the putative class

4   members pursuant to California law, and that Defendants had the financial ability to pay such

5   compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented

6   to Plaintiff and the putative class members that they were properly denied wages, all in order to

7   increase Defendants' profits.

8       54.    The California Supreme Court opinion in *Ferra v. Loews Hollywood Hotel, LLC*

9   holds that, similar to the requirement that employers pay overtime at the "regular rate of pay"

10   (which includes commissions, bonuses or other nondiscretionary pay), employers are required

11   to pay meal and rest break premiums at a regular rate that includes commissions, bonuses or

12   other non-discretionary pay. Plaintiff alleges that Defendants failed to include the non-

13   discretionary bonuses in its calculations for overtime pay and for meal and/or rest period

14   penalties.

15       55.    The California Supreme Court in *Naranjo v. Spectrum Security Services, Inc.* held

16   that missed-break premium pay is wages subject to the Labor Code's timely payment and

17   reporting requirements, and it can support section 203 waiting time penalties and section 226

18   wage statement penalties.

19       56.    California Labor Code section 218 states that nothing in Article 1 of the Labor

20   Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due

21   to him [or her] under this article."

22               **CLASS ACTION ALLEGATIONS**

23       57.    The putative classes Plaintiffs will seek to certify are currently composed of and

24   defined as follows:

25       58.    **Overtime Class.** All of Defendants' California-based, non-exempt, hourly paid

26   current and former employees, employed during the relevant time period (as defined, supra) to

27   whom Defendants failed to pay overtime wages (hereinafter, the "Overtime Class");

28

59. **Rounding Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were subject to Defendants rounding policies and practices. (hereinafter, the "Rounding Class");

60. **Minimum Wage Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants failed to pay minimum wages (hereinafter, the "Minimum Wage Class");

61. **Meal Period Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were not provided a legally adequate meal period for each day in which such employees worked five (5) hours or more and were not provided compensation by Defendants of one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided (hereinafter, the "Meal Period Class");

62. **Rest Period Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were not provided a legally adequate rest period for each day in which such employees were not provided a 10-minute rest break for every four (4) hours of work, or every major fraction thereof as employees were not provided compensation by Defendants of one (1) hour of pay at their regular rate of compensation for each workday that rest breaks were not provided (hereinafter, the "Rest Period Class");

63. **Auto-Deduct Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra), who worked time that was automatically deducted from their pay (hereinafter, the "Auto Deduct Class");

64. **Timely Payment Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive all wages owed to them on time in compliance with Labor Code Section 204.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd, Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

65.  **Waiting Time Penalties Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive all wages owed to them at the time of termination or resignation (hereinafter, the "LC203 Class");

66.  **Failure to Keep Accurate Pay Records Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were not provided with accurate and complete time keeping records that recorded all work periods, the total numbers of hours worked, and correct wages owed (hereinafter, the "Pay Records Class");

67.  **Itemized Wage Statement Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive an itemized wage statement that listed the correct straight and/or overtime number of hours that the employee worked in the pay period, the correct corresponding rates of pay, the correct gross and net wages earned, and/or correct name and address of the legal entity that is their employer (hereinafter, the "Itemized Wage Statement Class");

68.  **Failure to Reimburse Business Related Expenses Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive all wages owed for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 (hereinafter, the "Business Expense Class");

69.  **Failure to Pay Reporting Time Pay Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not properly receive reporting time pay in accordance with the I.W.C. Wage Orders;

70.  **Failure to Pay Split Shift Wages Class.** All of Defendants' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive split shift wages in violation of the IWC Wage

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1    Orders;

2        71.    **Failure to Provide Notice of Paid Sick Time and Accrual Class.** All of

3    Defendants' California-based, non-exempt, hourly paid current and former employees,

4    employed during the relevant time period (as defined, supra) who did not receive notice of paid

5    sick time and accrual in violation of Labor Code §246;

6        72.    Plaintiff reserves the right under Rule 1855(b) of the California Rules of Court to

7    amend or modify the class descriptions with greater specificity or further division into subclasses

8    or limitation to particular issues.

9        73.    This action has been brought and may properly be maintained as a class action

10   under the provisions of Section 382 of the California Code of Civil Procedure because there is

11   a well-defined community of interest in the litigation and the proposed Classes are easily

12   ascertainable.

13       **A.    Numerosity**

14       74.    The potential members of the Classes as defined are so numerous that joinder of

15   all the members of the Classes is impracticable. While the precise number of class members for

16   each Class has not been determined at this time, Plaintiff is informed and believes that

17   Defendants currently employ, and during the relevant time periods employed, at least 50

18   employees in the State of California, in non-exempt positions throughout California, who are or

19   have been affected by Defendants' policy of: (1) failing to pay overtime and for all time worked;

20   (2) failing to provide employees with legally adequate meal and rest periods; (3) failing to pay

21   all wages at termination; (4) failure to reimburse business expenses; (5) failure to pay minimum

22   wages; (6) failure to provide and keep accurate wage statements and records; (7) failure to pay

23   waiting time penalties; (8) failure to timely pay earned wages; (9) failure to pay reporting time

24   pay; (10) failure to pay split shift wages; (11) failure to provide notice of paid sick time and

25   accrual.

26       75.    Upon information and belief, Plaintiff alleges that Defendants' employment

27   records will provide information as to the number and location of all members of the Classes.

28

COMPLAINT FOR DAMAGES AND PENALTIES

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd. Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

**B.** **Commonality**

76.     There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

(a)     Whether Defendants properly paid employees for all straight and overtime hours worked in accordance with Labor Code sections 510, 11832.12, 1194, 1197, 1197.1, and the IWC Wage Orders;

(b)     Whether Defendants violated Labor Code Sections 512, 226.7, and the IWC Wage Orders by failing to properly provide meal periods of at least 30 off-duty minutes within the first 5 hours of their shift for employees working more than 5 hours in a day, and a second meal period to employees that worked over 10 hours in a day; and if so, whether Defendants failed to timely compensate said employees for one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

(c)     Whether Defendants violated Labor Code Sections 512, 226.7, and the IWC Wage Orders by failing to authorize or permit rest periods of at least 10 off-duty minutes for every four (4) hours of their employees shifts or every major fraction thereof; and if so, whether Defendants failed to timely compensate said employees for one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

(d)     Whether Defendants violated Labor Code Sections 201-204 by failing to pay straight and/or overtime wages, and compensation for denied and/or unprovided meal periods due and owing at the time that any class member's employment with Defendants terminated;

(e)     Whether Defendants' time rounding policy and practices ensured that Defendants paid the legal straight time pay, minimum wage pay and/or overtime pay for all hours worked by Plaintiff and the putative class members;

(f)     Whether Defendants violated Labor Code section 226 for their failure to furnish their employees with an accurate, legally adequate, itemized wage statement;

(g)     Whether Defendants violated Labor Code sections 2800 and 2802 for their failure to reimburse their employees for all necessary business-related expenses;

(h)    Whether Defendants violated Labor Code sections 226, 1174(d), and the IWC Wage Orders by failing to keep accurate time records;

(i)    Whether Defendants violated Labor Code sections 204 and 210 for failing to timely pay earned wages;

(j)    Whether Defendants violated the IWC Wage Orders by failing to pay reporting time pay;

(k)    Whether Defendants violated the IWC Wage Orders by failing to pay split shift wages; and

(l)    Whether Defendants violated Labor Code section 246 for failing to provide notice of paid sick time and accrual.

(m)    Whether Defendants violated Labor Code section 558.1 for causing aforementioned labor code violations.

**C.    Typicality**

77.    The claims of Plaintiff are typical of the claims of the Classes. Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged therein.

**D.    Adequacy of Representation**

78.    Plaintiff is an adequate representative of the Classes Plaintiff seeks to represent; will fairly protect the interests of the members of the Classes; has no interests antagonistic to the members of the Classes; will fairly and adequately represent and protect the interests of the members of the Classes; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Counsel who represents the Representative Plaintiff are competent and experienced.

**E.    Superiority of Class Action**

79.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd, Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1  individual members of the Classes. Each member of each Class has been damaged and is entitled

2  to recovery by reason of Defendants' illegal policy and/ or practice of failing to legally

3  compensate class members as alleged above.

4    80.    Class action treatment will allow those similarly situated persons to litigate their

5  claims in the manner that is most efficient and economical for the parties and the judicial system.

6  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of

7  this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (By Plaintiff Against Defendants)

11    81.    On behalf of the putative class, Plaintiff incorporates by reference and realleges

12  each and every one of the allegations contained in the preceding and foregoing paragraphs of

13  this Complaint as if fully set forth herein.

14    82.    Defendants have had a consistent policy of failing to pay straight and overtime

15  wages in violation of California state wage and hour laws by not paying overtime to Plaintiff

16  and the putative class members when they work over eight (8) hours in a day and/or 40 hours in

17  a workweek, as well as for the first eight (8) hours of work on the seventh consecutive day of

18  work within a workweek. Defendants also have their employees work without payment,

19  including, but not limited to, 30 minutes of work time that Defendants automatically deducted

20  each day for meal periods that were never provided and which are not legally adequate.

21  Additionally, employees were not paid for all of the time that they spent working under their

22  employer's control due to Defendants' improper rounding practices and policy.

23    83.    As a result of the unlawful acts of Defendants, Plaintiff and the putative class

24  members have been deprived of their full straight and/or overtime wages in amounts to be

25  determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties

26  thereon, attorneys' fees, and costs, pursuant to Labor Code sections 218.5, 510, 1194, 1197, and

27  1199.

28

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

#### (By Plaintiff Against Defendants)

84.    On behalf of the putative class, Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

85.    Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

86.    Pursuant to the California Department of Industrial Relations: the applicable minimum wage for any employer who employs 26 or more employees is:

(A) From January 1, 2017, to December 31, 2017, $10.50 per hour.

(B) From January 1, 2018, to December 31, 2018, $11 per hour.

(C) From January 1, 2019, to December 31, 2019, $12 per hour.

(D) From January 1, 2020, to December 31, 2020, $13 per hour.

(E) From January 1, 2021, to December 31, 2021, $14 per hour.

(F) From January 1, 2022, and until adjusted by subdivision (c) $15 per hour.

87.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, failed to pay Plaintiff and the putative class members for all hours worked, which resulted in the members of the Minimum Wage Class earning less than the legal minimum wage in the State of California.

88.    Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the Minimum Wage Class as described herein is unlawful and creates entitlement, pursuant to Labor Code §1194(a), to recovery by the members of the Minimum Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight-time compensation paid and the applicable minimum wage, including interest thereon.

89.    Pursuant to Labor Code §1194.2(a) (which provides that in any action under Labor

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd, Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1    Code §1194, an employee shall be entitled to recover liquidated damages) the members of the

2    Minimum Wage Class seek recovery of liquidated damages on the straight-time portion of

3    uncompensated hours of work (not including the overtime portion thereof) in an amount equal

4    to the wages unlawfully unpaid and interest thereon.

5        90.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the

6    members of the Minimum Wage Class seek recover of pre-judgment interest on all amounts

7    recovered herein.

8        91.    Pursuant to Labor Code §1194(a), the members of the Minimum Wage Class

9    request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

10    **THIRD CAUSE OF ACTION**

11    **(FAILURE TO PROVIDE MEAL PERIODS**

12    **IN VIOLATION OF LABOR CODE §§ 226.7, 512, AND IWC WAGE ORDERS)**

13    **(By Plaintiff Against Defendants)**

14        92.    On behalf of the putative class, Plaintiff incorporates by reference and realleges

15    each and every one of the allegations contained in the preceding and foregoing paragraphs of

16    this Complaint as if fully set forth herein.

17        93.    Defendants do not have a compliant written meal period policy and/or do not

18    provide its employees with meal periods consistent with the requirements of Labor Code section

19    512. By employing these individuals for work periods of more than five (5) hours and ten (10)

20    hours per day without providing legally adequate meal periods (such as short, on-duty, late,

21    interrupted, or missed meal periods), and failing to provide compensation for unprovided and/or

22    legally inadequate meal periods, as alleged above, Defendants violated the provisions of Labor

23    Code sections 512 and 226.7. As a result of the unlawful acts of Defendants, Plaintiff and the

24    putative class members have been deprived of premium wages in amounts to be determined at

25    trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon,

26    attorneys' fees, and costs, under Labor Code sections 226.7 and 512, as well as the I.W.C. Wage

27    Orders.

28

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

## FOURTH CAUSE OF ACTION

## (FAILURE TO KEEP ACCURATE AND PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF LABOR CODE §§ 226, AND THE IWC WAGE ORDERS)

### (By Plaintiff Against Defendants)

94.     On behalf of the putative class, Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

95.     Section 226(a) of the California Labor Code requires Defendants to provide itemized wage statements at the time of payment of wages which include, but are not limited to, the following: gross wages earned; the correct total hours worked by the employee; the correct net wages earned; the inclusive dates of the period for which the employee is paid; the name and address of the correct legal entity that is the employer; and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

96.     Plaintiff contends that he and the putative class members have been injured by Defendants' failure to provide all of the requisite information on its itemized wage statements in that such failure, *inter alia:* (1) masks possible and actual underpayments to Defendants' employees; (2) makes it difficult for Defendants' employees to verify that they have in fact been paid the proper amounts owing for all hours worked; and (3) makes it difficult for Plaintiff to identify his true employer for purposes of this litigation. Said conduct was done knowingly and intentionally, since Defendants are aware of California law, and with the design to harm Plaintiff and the putative class members.

97.     At all times relevant during the liability period, Plaintiff and the putative class members were employees of Defendants covered by Labor Code section 226 and the Wage Orders.

98.     Pursuant to Labor Code section 226, Defendants were required to furnish each of their employees with an accurate itemized statement reflecting, *inter alia,* total number of hours

1    worked and wages earned. Defendants were also required to keep an accurate record of the

2    beginning and end of all work periods for its employees, including off-duty meal periods.

3        99.    Plaintiff is informed, believes, and based thereon alleges, that at all times relevant

4    during the liability period, Defendants maintained a policy and/or practice of utilizing an "auto-

5    deduct" system whereby thirty (30) minutes were automatically deducted from the hours worked

6    by Plaintiff and the putative class members on a daily basis, whether or not a 30 minute off-duty

7    meal period was actually provided or taken. Defendants also did not record and pay the time

8    that its employees spent under their control, as the company utilized improper rounding policies

9    and practices which resulted in the under payment of wages to Plaintiff and the putative class

10   members.

11       100.   Defendants failed to pay Plaintiff and Hourly Employee Class Members an

12   additional hour of pay at their regular rate of compensation for each date on which it failed to

13   provide legally compliant rest periods and/or meal periods. As set forth in *Naranjo v. Spectrum*

14   *Security Services, Inc.,* missed-break premium pay are wages subject to the Labor Code's timely

15   payment and reporting requirements, thus Defendants failure to pay Plaintiff and the putative

16   class members constitutes a violation of California Labor Code Section 226.

17       101.   As a result of Defendants' unlawful conduct, Plaintiff and the putative class

18   members have suffered damages in an amount subject to proof at trial. The precise amount of

19   unpaid wages is not presently known to Plaintiff, but can be determined directly from

20   Defendants' records or indirectly based on information from Defendants' records.

21       102.   Pursuant to Labor Code sections 218.5 and 218.6, Plaintiff and the putative class

22   members are entitled to recover the full amount of their unpaid wages, interest thereon,

23   reasonable attorneys' fees, and costs of suit.

24                           **FIFTH CAUSE OF ACTION**

25                    **(FAILURE TO PAY WAITING TIME PENALTIES**

26              **IN VIOLATION OF LABOR CODE §§ 201, 202, AND 203)**

27                       **(By Plaintiff Against Defendants)**

28       103.   On behalf of the putative class, Plaintiff incorporates by reference and realleges

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1  each and every one of the allegations contained in the preceding and foregoing paragraphs of

2  this Complaint as if fully set forth herein.

3      104.   California Labor Code section 201 requires an employer who discharges an

4  employee to pay all compensation due and owing to that employee immediately upon discharge.

5  California Labor Code section 202 requires an employer of an employee who quits to pay all

6  compensation due and owing to that employee not later than 72 hours thereafter, unless the

7  employee gave 72 hours previous notice of the intention to quit, in which case the employee is

8  entitled to wages at the time of quitting.

9      105.   California Labor Code section 203 provides that if an employer willfully fails to

10  pay compensation promptly upon separation from employment, as required by either Sections

11  201 or 202, then the employer is liable for waiting time penalties in the form of continued

12  compensation for up to 30 work days.

13      106.   Defendants willfully failed and refused to timely pay all straight time wages,

14  overtime, and meal break compensation to Plaintiff and the putative class members whose

15  employment terminated. As a result, Defendants are liable to Plaintiff and the putative class

16  members for waiting time penalties, together with interest thereon and attorneys' fees and costs,

17  under Labor Code section 203.

18      107.   Defendants failed to pay Plaintiff and Hourly Employee Class Members an

19  additional hour of pay at their regular rate of compensation for each date on which it failed to

20  provide legally compliant rest periods and/or meal periods. As set forth in *Naranjo v. Spectrum*

21  *Security Services, Inc.* 2022 WL 1613499) missed-break premium pay are wages subject to the

22  Labor Code's timely payment and reporting requirements, thus Defendants failure to pay

23  Plaintiff and the putative class members constitutes a violation of California Labor Code Section

24  201-203.

25      108.   As a result of Defendants' unlawful conduct, Plaintiff and putative class members

26  have suffered damages in an amount, subject to proof at trial, to the extent they were not paid

27  all wages due each pay period. The precise amount of unpaid wages is not presently known to

28  Plaintiff but can be determined directly from Defendants' records or indirectly based on

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd, Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1    information from Defendants' records.

2        109.    Pursuant to Labor Code sections 218.5 and 218.6, Plaintiff and the putative class

3    members are entitled to recover the full amount of their unpaid wages, interest thereon,

4    reasonable attorneys' fees and costs of suit.

### SIXTH CAUSE OF ACTION

### (FAILURE TO TIMELY PAY EARNED WAGES

### IN VIOLATION OF LABOR CODES § 204 AND 210)

### (By Plaintiff Against Defendants)

9        110.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth

10   herein.

11       111.    California Labor Code § 204 requires biweekly payment of wages for all

12   employees except salaried executive, administrative and professional employees covered by

13   the Fair Labor Standards Act, whom it requires employers to pay at least once per month.

14       112.    Defendants failed to pay Plaintiff and putative class members an additional hour

15   of pay at their regular rate of compensation for each date on which it failed to provide legally

16   compliant rest periods and/or meal periods. As set forth in *Naranjo v. Spectrum Security*

17   *Services, Inc,.* missed-break premium pay are wages subject to the Labor Code's timely

18   payment and reporting requirements, thus Defendants failure to pay Plaintiff and putative class

19   members constitutes a violation of California Labor Code Section 204.

20       113.    California Labor Code § 210 makes any person subject to civil penalties by

21   failing to pay employees as required by California Labor Code § 204.

22       114.    Plaintiff and putative class members are entitled to recover $100 for Defendants'

23   initial violation, and $200 for each subsequent violation, plus twenty percent of the amount of

24   wages unlawfully withheld.

25   ///

26   ///

27   ///

28   ///

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

25

**SEVENTH CAUSE OF ACTION**

**(FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF LABOR CODE §**

**226.7 & IWC WAGE ORDERS)**

**(By Plaintiff Against Defendants)**

115.    On behalf of the putative class, Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

116.    At all times herein set forth, the California IWC Order and California Labor Code section 226.7 was applicable to Plaintiff and the putative class members employed by Defendants.

117.    At all times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

118.    During the relevant time period, Defendants required Plaintiff and the putative class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked, or major fraction thereof.

119.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

120.    During the relevant time period, Defendants failed to pay Plaintiff and the putative class members the full rest period premium due pursuant to California Labor Code section 226.7.

121.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

122.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the putative class members are entitled to recover from Defendants one (1) additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

1

## EIGHTH CAUSE OF ACTION

2

### (FAILURE TO REIMBURSE BUSINESS EXPENSES

3

### IN VIOLATION OF LABOR CODE §§ 2800 and 2802)

4

### (By Plaintiff Against Defendants)

5      123.   On behalf of the putative class, Plaintiff incorporates by reference and realleges

6   each and every one of the allegations contained in the preceding and foregoing paragraphs of

7   this Complaint as if fully set forth herein.

8      124.   Plaintiff and the putative class members incurred necessary business-related

9   expenses and costs that were not fully reimbursed by Defendants, including, but not limited to,

10  electricity and internet charges while employees worked from home, personal cell-phone usage,

11  travel expenses, and parking expenses.

12     125.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the

13  putative class members for all necessary business-related expenses and costs. Plaintiff and the

14  putative class members are entitled to recover from Defendants their business-related expenses

15  and costs incurred during the course and scope of their employment, plus interest accrued from

16  the date on which the employee incurred the necessary expenditures at the same rate as

17  judgments in civil actions in the State of California.

18

## NINTH CAUSE OF ACTION

19

### (FAILURE TO PAY REPORTING TIME PAY

20

### IN VIOLATION OF IWC WAGE ORDERS)

21

### (By Plaintiff Against Defendants)

22     126.   On behalf of the putative class, Plaintiff incorporates by reference and realleges

23  each and every one of the allegations contained in the preceding and foregoing paragraphs of

24  this Complaint as if fully set forth herein.

25     127.   California Code of Regulations, Title 8, Division 1, Chapter 5, Group 2, Article

26  5, section 11050(5)(A) provides that for each workday when an employee is required to and

27  does in fact report to work, but is either not put to work or is furnished less than half of said

28  employee's usual scheduled day's work, that employee should be paid for no less than half, and

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

27

1    in no event less than two (2) hours, of the employees' regular rate of pay.

2        128.    Throughout Plaintiff's and the putative class members' employment, they were

3    told by Defendants to report to work and was either not put to work or was furnished less than

4    half of their usual scheduled day's work.

5        129.    Defendants routinely failed to pay the required reporting time wages to Plaintiff

6    and the putative class members for each of these instances.

7        130.    Pursuant to the foregoing, Plaintiff and the putative class members are entitled to

8    all wages wrongfully withheld, civil penalties, attorney's fees, costs, and interest thereon,

9    pursuant to Labor Code sections 1197.1 and/or any and all other applicable law.

10                    **TENTH CAUSE OF ACTION**

11              **(FAILURE TO PAY SPLIT SHIFT WAGES**

12                **IN VIOLATION OF IWC WAGE ORDERS)**

13                **(By Plaintiff Against Defendants)**

14        131.    On behalf of the putative class, Plaintiff incorporates by reference and realleges

15    each and every one of the allegations contained in the preceding and foregoing paragraphs of

16    this Complaint as if fully set forth herein.

17        132.    California Code of Regulations Title 8, Division 1, Chapter 5, Group 2, Article

18    5, 11050(4)(C) provides that when an employee works a "split shift", one (1) hour's pay at the

19    State or local minimum wage (whichever is greater) must be paid in addition to the minimum

20    wage for that workday.

21        133.    A "split shift" is defined as a work schedule which is interrupted by non-paid,

22    non-working periods established by the employer, other than *bona fide* rest or meal periods.

23        134.    Defendants routinely scheduled Plaintiff and the putative class members for

24    multiple different shifts throughout the same workday, separated by periods other than *bona*

25    *fide* rest or meal breaks.

26        135.    Defendants failed to pay Plaintiff and the putative class members one (1) hour's

27    pay at the applicable minimum wage, which resulted in Plaintiff and the putative class

28    members being paid less than the applicable minimum wage.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

136.  As a further consequence, Defendants also failed to separately list "split shift" payments on Plaintiff's and the putative class members' wage statements.

137.  Pursuant to the foregoing, Plaintiff and the putative class members are entitled to recover all wages wrongfully withheld, civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 1197.1 and/or any and all other applicable law.

## ELEVENTH CAUSE OF ACTION

### (FAILURE TO PROVIDE NOTICE OF PAID SICK TIME AND ACCRUAL IN VIOLATION OF LABOR CODE §246)

### (By Plaintiff Against Defendants)

138.  On behalf of the putative class, Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

139.  California Labor Code section 246 provides that an employee who works for the same employer for more than 30 days is entitled to paid sick days. Paid sick leave is to accrue at a rate not less than one (1) hour per every 30 hours worked, such accrual beginning at the commencement of employment. Employers must provide employees with written notice setting the amount of sick leave available (or paid time off in lieu thereof) for use on either itemized wage statements (as described in Labor Code section 226) or in a separate writing accompanying such wage statements.

140.  Plaintiff and other putative class members worked for Defendants for more than 30 days, triggering the protections of Labor Code section 246 as described above. Nevertheless, Defendants failed to furnish upon Plaintiff and other putative class members, either on itemized wage statements or in a separate writing accompanying such wage statements, the amount of sick leave available to Plaintiff and other putative class members.

141.  As such, Defendants unlawfully retained and continue to retain paid sick leave that should have been paid to Plaintiff and other putative class members but for Defendants' failure to properly institute and/or adhere to a legally compliant paid sick leave program. Plaintiff is informed and believes, and based thereon alleges, that these practices were

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

29

1   experienced and continue to be experienced by the other putative class members.

2   ### TWELFTH CAUSE OF ACTION

3   ### (UNLAWFUL BUSINESS PRACTICES

4   ### IN VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.*)

5   **(By Plaintiff Against Defendants)**

6   142.   On behalf of the putative class, Plaintiff incorporates by reference and realleges

7   each and every one of the allegations contained in the preceding and foregoing paragraphs of

8   this Complaint as if fully set forth herein.

9   143.   Defendants' failure to correctly pay wages as alleged herein, failure to keep

10  accurate time records, and failure to compensate for overtime and unprovided meal periods

11  constitute unlawful activity prohibited by Business and Professions Code section 17200, *et seq.,*

12  including, but not limited to, Sections 17200, 17202, and 17203.

13  144.   The actions of Defendants in failing to pay Plaintiff and the putative class

14  members in a lawful manner as alleged herein constitute false, unfair, fraudulent and/or

15  deceptive business practices, within the meaning of Business and Professions Code section

16  17200, *et seq.*

17  145.   As a result of its unlawful acts, Defendants have reaped and continue to reap unfair

18  benefits at the expense of Plaintiff and the putative class members. Defendants should be

19  enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff

20  and the putative class members the wrongfully withheld wages pursuant to Business and

21  Professions Code section 17203. Plaintiff is informed and believes, and based thereon alleges,

22  that Defendants are unjustly enriched through their failure to pay all earned wages and

23  compensation for unprovided meal periods to Plaintiff and the putative class members.

24  146.   Plaintiff is informed and believes, and based thereon alleges, that Plaintiff and the

25  putative class members are prejudiced by Defendants' unfair practices.

26  147.   As a direct and proximate result of the unfair business practices of Defendants,

27  Plaintiff and the putative class members are entitled to equitable and injunctive relief, including

28  full restitution and/or disgorgement of all wages, which have been unlawfully withheld from

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1   Plaintiff and the putative class members as a result of the business acts and practices described

2   herein, and enjoin Defendants to cease and desist from engaging in the practices described

3   herein.

4        148.   The illegal conduct alleged herein is believed to be continuing, and there is no

5   indication that Defendants will not continue such activity into the future. Plaintiff, on behalf of

6   the putative class, alleges that if Defendants are not enjoined from the conduct set forth in this

7   complaint, they will continue to fail to pay the correct wages, will continue to require employees

8   to work during meal periods, will continue to fail to pay employees the correct rate of pay and

9   for all hours worked, will continue to fail to provide legally adequate meal periods, and will

10   continue to fail to provide appropriate compensation as described herein.

11        149.   THEREFORE, REPRESENTATIVE PLAINTIFF and the individuals he seeks to

12   represent request relief as described below:

13                              **PRAYER FOR RELIEF**

14        WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

15   follows:

16        1.   Certification of the case as a class action on behalf of the proposed Classes,

17   designation of Plaintiff as representative of the proposed Classes and designation of his counsel

18   of record as Class Counsel;

19        2.   For wages, damages, and equitable relief for all harm Plaintiff and the putative

20   class members have sustained as a result of Defendants' conduct, according to proof;

21        3.   For restitution and disgorgement of unjust enrichment to Plaintiff and members of

22   the putative class;

23        4.   For a preliminary and permanent injunction against Defendants and their

24   directors, officers, owners, agents, successors, employees, and representatives—and any and all

25   persons acting in concert with them—from engaging in the unlawful practices, policies,

26   customs, and usages set forth herein;

27        5.   For a declaratory judgment that the practices complained of in this Complaint are

28   unlawful and violate applicable law;

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

6.      For attorney fees and costs incurred in the investigation, filing, and prosecution of this action;

7.      Pre-judgment and post-judgment interest, as provided by law; and

8.      For such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: December 6, 2024                              **HAIG B. KAZANDJIAN LAWYERS, APC**

By:_____
                                                Haig B. Kazandjian, Esq.
                                                Cathy Gonzalez, Esq.
                                                David Van pelt, Esq.
                                                *Attorneys for Plaintiff KYLE DERSHEM*

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: December 6, 2024

                                        **HAIG B. KAZANDJIAN LAWYERS, APC**

                                        By: _____
                                            Haig B. Kazandjian, Esq.
                                            Cathy Gonzalez, Esq.
                                            David Van Pelt, Esq.
                                            *Attorneys for Plaintiff KYLE DERSHEM*

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

12/06/2024

David W. Slayton, Executive Officer / Clerk of Court

By _____ C. Vega _____ Deputy

</td></tr>
</table>

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 24STCV32305 |
| --- | --- |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ✓ | Stuart M. Rice | 1 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 12/09/2024                    By C. Vega                    , Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/30/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ L. Ennis _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kyle Dershem | |
| DEFENDANT/RESPONDENT:<br>Westmed Ambulance, Inc., et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV32305 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Scheduling Initial Status Conference) of 12/30/2024, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Haig B. Kazandjian
Haig B. Kazandjian Lawyers, APC
801 North Brand Boulevard
Suite 970
Glendale, CA 91203


David W. Slayton, Executive Officer / Clerk of Court

Dated: 12/30/2024                    By: _L. Ennis_
                                         Deputy Clerk


**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 1

**24STCV32305**                                              December 30, 2024
**KYLE DERSHEM vs WESTMED AMBULANCE, INC., et al.**              11:50 AM

Judge: Honorable Stuart M. Rice          CSR: None
Judicial Assistant: L. Ennis             ERM: None
Courtroom Assistant: R. Sims             Deputy Sheriff: None

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Scheduling Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
04/02/2025 at 09:00 AM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 1

| | |
|---|---|
| **24STCV32305** | December 30, 2024 |
| **KYLE DERSHEM vs WESTMED AMBULANCE, INC., et al.** | 11:50 AM |

| | |
|---|---|
| Judge: Honorable Stuart M. Rice | CSR: None |
| Judicial Assistant: L. Ennis | ERM: None |
| Courtroom Assistant: R. Sims | Deputy Sheriff: None |

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 1

**24STCV32305**                                         December 30, 2024
**KYLE DERSHEM vs WESTMED AMBULANCE, INC., et al.**              11:50 AM

Judge: Honorable Stuart M. Rice          CSR: None
Judicial Assistant: L. Ennis             ERM: None
Courtroom Assistant: R. Sims             Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

**FILED**
Superior Court of California
County of Los Angeles

**12/30/2024**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ L. Ennis _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KYLE DERSHEM, individually, and on behalf of all persons similarly situated, | Case No.: 24STCV32305 |
| Plaintiff(s), | **INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS)** |
| v. | Case Assigned for All Purposes to Judge Stuart M. Rice |
| WESTMED AMBULANCE, INC., GLOBAL MEDICAL RESPONSE, INC; and DOES 1 through 50, inclusive, | Department: 1 |
| Defendant(s), | |

This action has been designated as complex pursuant to CRC 3.400(a), and thus requires exceptional judicial management to carry out the purposes of Rule 3.400(a) and to promote effective decision-making by the Court. This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order. Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

1

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions. Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

The Court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

**1.      PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2.      STATUS OF PLEADINGS:**  Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

**3.      POTENTIAL ADDITIONAL PARTIES:**  Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added.  Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added.  Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

**4.      IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

**5.      ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain.

1    No prejudice will attach to these responses.

2          **6.    ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

3          **7.    OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list

4    other cases with overlapping class definitions. Please identify the court, the short caption title, the docket

5    number, and the case status.

6          **8.    POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION**

7    **WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any

8    relevant clause of this sort. Opposing parties must summarize their views on this issue.

9          **9.    POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and

10   describe the significant core issues in the case, and then identify efficient ways to resolve those issues,

11   including one or more of the following:

12   • Motion to Compel Arbitration,

13   • Early motions in limine,

14   • Early motions about particular jury instructions and verdict forms,

15   • Demurrers,

16   • Motions to strike,

17   • Motions for judgment on the pleadings, and

18   • Motions for summary judgment and summary adjudication.

19         **10.    CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class

20   contact information from defendant's records is necessary in this case and, if so, whether the parties

21   consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court*

22   (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of

23   cost and the necessity of a third party administrator.

24         **11.    PROTECTIVE ORDERS:** Parties considering an order to protect confidential

25   information from general disclosure should begin with the model protective orders found on the Los

26   Angeles Superior Court Website under "Civil Tools for Litigators."

27         **12.    DISCOVERY:** Discovery is stayed until further order of the Court. Please discuss a

28   discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The

court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose. See California Rule of Court, Rule 3.768

13.   **INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

14.   **ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

15.   **TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

16.   **REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail." California Rule of Court, Rule 3.770.

If the parties settle the class action, that too will require judicial approval based on a noticed motion.

17.   **REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional

Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

**18.    NOTICE OF THE INITIAL STATUS CONFERENCE ORDER:**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order.  If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order. Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number).  The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

**19.    e-Service Provider**

The parties should refer to the Court's website for the list of e-service providers which are approved for complex cases. The parties must sign up with the provider at least ten court days in advance of the Initial Status Conference and advise the Court, via email to sscdept1@lacourt.org, which provider was selected. While the parties are free to choose any approved service, Department 1 prefers Case Anywhere.

Dated: December 30, 2024                          Stuart M. Rice / Judge
                                        _____

                                        Honorable Stuart M. Rice
                                        Judge of the Los Angeles Superior Court

5



# Superior Court of California, County of Los Angeles

<div style="border: 2px solid black; padding: 10px;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                  (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

[ Print ]          [ Save ]                                                    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED: _May 11, 2011_                _Carolyn B. Kuhl_

5                                          Carolyn B. Kuhl, Supervising Judge of the

6                                          Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
                                   )
                                   )
                                   )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)  Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii)  Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)  Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1    b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2        day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3        application must be provided to the court the day of the ex parte hearing.

4  9) PRINTED COURTESY COPIES

5    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6        be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7        the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8        by 10:00 a.m. the next business day.

9    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10       electronic submission) is required for the following documents:

11         i)     Any printed document required pursuant to a Standing or General Order;

12         ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26

13             pages or more;

14         iii)    Pleadings and motions that include points and authorities;

15         iv)    Demurrers;

16         v)     Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17         vi)    Motions for Summary Judgment/Adjudication; and

18         vii)    Motions to Compel Further Discovery.

19    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20       additional documents.  Courtroom specific courtesy copy guidelines can be found at

21       www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23    a) Fees and costs associated with electronic filing must be waived for any litigant who has

24       received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25       1010.6(d)(2).)

26    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27       section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28       electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL