**TRANSFER / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1050-GW-DFMx | Date | July 1, 2025 |
|---|---|---|---|
| Title | *Kyle Dershem v. Westmed Ambulance, Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

None Present                                         None Present

**PROCEEDINGS:   IN CHAMBERS - ORDER TRANSFERRING ACTION TO THE SOUTHERN DISTRICT OF CALIFORNIA**

Attached hereto is the Court's Order Transferring Action to the Southern District of California.

:

Initials of Preparer    JG

<u>*Kyle Dershem v. Westmed Ambulance, Inc. et al*</u>; 2:25-cv-01050-GW-AJR
Order Transferring Action to the Southern District of California

This is a wage-and-hour class action was filed by Plaintiff Kyle Dershem against Defendants Global Medical Response, Inc. ("Global") and Westmed Ambulance, Inc. ("Westmed") (collectively, "Defendants"). *See* Complaint, Docket No. 1. Following Westmed's filing of a Motion for Judgment on the Pleadings (*see* Docket No. 13) and Plaintiff's filing an Amended Complaint (*see* Docket No. 16), the Court *sua sponte* directed the parties to respectively address the Court's subject matter jurisdiction. *See* Docket No. 22. After receiving and reviewing the parties' respective briefs, *see* Dershem Brief, Docket No. 27, *and* Westmed Brief, Docket No. 29, the Court issued a tentative ruling indicating that it would either remand the action to state court based upon the local nature of the controversy or transfer it to the Southern District of California where a related action is pending. *See* Docket No. 33; *Zapata v. Rural/Metro Fire Dept., Inc., et al*., 3:25-cv-00049-BJC-DEB. At the June 30, 2025 hearing, neither party indicated that this case could not have originally been brought in the Southern District.[1] For the reasons stated below, the Court orders this action transferred to the Southern District of California.[2]

I.  **Background**

   A.  *Dershem*

Dershem is a California resident who allegedly was jointly employed by Westmed and Global from approximately December 1, 2016 to April 30, 2024. *See* Complaint, Docket No. 1-1, ¶ 8. Westmed provides ambulance transportation services to medical facilities and Global delivers medical care, "primarily in the areas of emergency and patient relocation services." *Id*. ¶¶ 11-12. Both companies provide services and maintain employees in California. *Id*. Dershem contends that Defendants fail to pay their employees for all the hours that they work, including by omitting work performed outside of shifts, automatically deducting 30 minutes of work time each day, and

---

[1] While Dershem indicated that he did not believe transfer would be "most appropriate" because there was only one common defendant, as discussed further below, the Court does not find this dispositive, and Dershem conceded that he did not believe venue would be improper in the Southern District.

[2] Westmed has also brought to the Court's attention another related case involving Global pending in this District filed after this case. *See* Docket No. 25; *Boyd v. American Medical Response, Inc., et al.*, 2:25-cv-04725-MWF-(MARx). Westmed suggested at the June 30 hearing that *Boyd* should be related to this case and transferred as well if this action were transferred. The Court finds that it has no occasion before it to relate or transfer *Boyd*. However, Global, who is represented by the same defense counsel in *Boyd* as Westmed is in this action (Global has not yet appeared in this action), may wish to provide notice in the *Boyd* action of the proceedings in this action and *Zapata*.

1

utilizing a pay system which rounds time as recorded by employees "usually down." *Id*. ¶ 31. Defendants also allegedly did not "properly calculate the regular rate of pay" for overtime, paid sick leave, and meal, rest, and reporting times. *Id*. Dershem further alleges that he was deprived legally compliant wage statements, meal and rest periods, and compensation for missed meal and rest periods. *Id*. ¶¶ 32, 42-45. Finally, Dershem contends that Defendants did not reimburse all necessary business-related expenses. *Id.* ¶ 52.

On December 6, 2024, Dershem filed suit in the Superior Court of California for the County of Los Angeles, alleging twelve causes of action: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to keep accurate and provide itemized wage statements; (5) failure to pay waiting time penalties; (6) failure to timely pay earned wages; (7) failure to provide rest periods; (8) failure to reimburse business expenses; (9) failure to pay reporting time pay; (10) failure to pay split shift wages; (11) failure to provide notice of sick time and accrual; (12) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*. *See generally* Complaint. Dershem brought suit on behalf of himself and fourteen proposed classes of California-based employees subject to the respective California Labor Code and Industrial Welfare Commission ("IWC") Wage Order violations alleged. *Id*. ¶¶ 57-71.

On February 5, 2025, Westmed filed an Answer, generally denying Dershem's allegations and raising 41 affirmative defenses. *See* Answer, Docket No. 1-2. On February 6, 2025, Westmed removed the action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. *See* Docket No. 1. Global has not yet been served or appeared in this action. *See* Dershem Brief.

  **B.** ***Zapata***

Luis Zapata is a California resident who allegedly was jointly employed by Global, Rural/Metro Fire Dept., Inc. ("Rural"), Capstone Fire & Safety Management ("Capstone"), and Delta Equities, Inc. ("Delta") from approximately May 1, 2020 to October 14, 2023. *See* Complaint in *Zapata v. Rural/Metro Fire Dept., Inc., et al.*, 3:25-cv-00049-BJC-DEB (S.D. Cal.), Docket No. 30, ¶ 8. Rural, Capstone, and Delta are involved in the firefighting and emergency services industry and maintained employees in California. *Id*. ¶¶ 9-16, 39.

On November 12, 2024, Zapata filed suit in the Superior Court of California for the County of San Diego, alleging twelve causes of action: (1) failure to pay overtime wages; (2) failure to

2

pay minimum wages; (3) failure to provide meal periods; (4) failure to keep accurate and provide itemized wage statements; (5) failure to pay waiting time penalties; (6) failure to timely pay earned wages; (7) failure to provide rest periods; (8) failure to reimburse business expenses; (9) failure to pay reporting time pay; (10) failure to pay split shift wages; (11) failure to provide notice of sick time and accrual; (12) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*. *Id.* Zapata brought suit on behalf of himself and fourteen proposed classes of California-based employees subject to the respective California Labor Code and IWC Wage Order violations alleged. *Id*. ¶¶ 62-75.

On January 8, 2025, the action was removed to federal court. *See Zapata*, 3:25-cv-00049-BJC-DEB, Docket No. 1. Judge Todd Robinson issued an order to show cause why the case should not be remanded. *Zapata*, Docket No. 6. The case was transferred to Judge Benjamin Cheeks before Rural filed a response. *Zapata*, Docket Nos. 7 & 9. No ruling has yet been issued.

## II.     Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to 'prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "Once venue is determined to be proper in both districts, courts use the following factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Id*.

"An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013) (internal quotation marks omitted). The "possible consolidation of actions across judicial districts [i]s a 'significant factor' in a court's transfer decision." *Sandys v. Willard*, No. 20-cv-05480-PJH, 2021 WL 1091919, at *6 (N.D. Cal.

Mar. 22, 2021) (quoting *A. J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974)).

### III. Discussion

#### A. Venue

##### 1. Central District

Venue is proper when a civil action in state court is removed to the district court where the state action was pending. *See* 28 U.S.C. § 1441(a). This action was originally brought in Los Angeles County Superior Court, and was removed to this District, which encompasses Los Angeles County. Therefore, venue is proper in the Central District.

##### 2. Southern District

Venue is proper in "a judicial district in which any defendant resides." *See* 28 U.S.C. § 1391(b)(1). Defendant entities "reside . . . in any judicial district in which [they are] subject to the court's personal jurisdiction." *Id*. § 1391(c)(2). Because the Court understands that Global and Westmed conduct business throughout the State of California, Defendants are subject to personal jurisdiction in the Southern District and venue is proper there.

#### B. Interests of Justice Factors

On balance, the Court finds that the factors discussed in *Vu* favor transfer. While Dershem selected the Central District and indicates that the majority of his injuries occurred in Los Angeles County, he has not indicated that he is a resident of the Central District and, moreover, he seeks to represent a class of employees who reside and whose injuries occurred throughout California. *See* Complaint ¶¶ 8, 23, 27. As to the Defendants, Global is neither incorporated nor headquartered in California and appears to conduct business throughout California, based upon the allegations in the Complaints herein and in *Zapata*. Westmed is headquartered in San Leandro, California, which is in neither the Central nor the Southern District. *See* Declaration of David Van Pelt, Docket No. 28, ¶ 5. At the June 30 hearing, neither party indicated that evidentiary or convenience considerations strongly favored either district. The California state law claims would be heard by another California court, such that familiarity with the applicable law is a neutral consideration. Because the allegations reach conduct and affect individuals throughout California, the Central District does not have a uniquely local interest in the matter.

The Court previously indicated that the possibility that this action may be consolidated with *Zapata* was in large part the impetus to transfer. In particular, the Court in its tentative noted

4

that the only reason that it would not remand this action was due to the earlier-filed *Zapata* involving the common defendant of Global and viewed the relevant legislative history and Ninth Circuit case law to suggest that the proper course under those circumstances would be to consolidate the related cases if possible. *See* Docket No. 33 at 2-5. At the hearing, Dershem pointed out that this action and *Zapata* involve different defendants and only one, Global, in common. However, the relevant issue for purposes of consolidation is not complete symmetry of parties but whether there is a "common question of law or fact." Fed. R. Civ. P. 42(a); *Howse v. Chiquita Canyon, LLC*, 757 F. Supp. 3d 1049, 1068 (C.D. Cal. 2024) (despite "distinct combinations of defendants in [] various actions," consolidation was warranted where "plaintiffs generally allege[d] the same forms of harm from the same general course of conduct"). Here, the course of conduct and harm alleged, purportedly under Global's joint employment with other emergency service providers, is identical. The resolution of this action and *Zapata* will involve overlapping legal questions concerning Global's status as plaintiffs' employer and overlapping factual questions concerning whether plaintiffs were subject to the alleged California Labor Code violations at issue during their employment. Streamlining these cases would more efficiently and expediently resolve these issues for both the judiciary and the parties, who share counsel in both actions and may conserve resources rather than engage in duplicative efforts.

      Additionally, the Court notes that *Zapata* is an early stage of litigation, and indeed the *Zapata* court has not yet decided whether to remand that case based on similar issues this Court raised with respect to this action. The Court is satisfied that, if transferred, the jurisdictional issues in this action and *Zapata* could be resolved in tandem and the cases could proceed in an orderly and coordinated fashion should they remain in federal court.

**IT IS SO ORDERED.**